# Cases

# FIRST DEPARTMENT,

# GENERAL TERM,

## April, 1880.

20h 520
52ad475

## IN THE MATTER OF CORNELIUS J. VANDERBILT.

*Trust — condition that it may be terminated on the consent of specified persons — court cannot substitute others, for those named.*

May 12, 1879, W. H. Vanderbilt transferred, by an instrument in writing, stocks and bonds of the value of $400,000 to one E. D. Worcester, in trust for him to receive the dividends and interest thereon, and pay over the same to Cornelius J. Vanderbilt, for and during his natural life. The instrument empowered Cornelius J. Vanderbilt to dispose of the trust fund and any unpaid interest by his will, and provided that the trust might be at any time terminated as to all or any part of the trust fund upon the joint consent or agreement in writing of the said W. H. Vanderbilt, Cornelius J. Vanderbilt and the said trustee.

Subsequently Cornelius J. Vanderbilt applied to W. H. Vanderbilt to consent that the trust should be terminated as to $200,000 thereof, and that that amount should be paid over to him. Upon his refusal to consent thereto this application was made to have some other person substituted in his place, with power to give such consent.

*Held,* that the court had no power to make such substitution.

That even if such power did exist, no case was here made for its exercise.

APPEAL from an order of the Special Term denying the appellants motion to have a person appointed in place of William H. Vanderbilt to consent to the termination in part, of a trust created by said William H. Vanderbilt.

The following is a copy of the petition upon which the application was heard and denied :

" *To the Supreme Court of the State of New York :*

" The petition of Cornelius J. Vanderbilt respectfully showeth :

" That your petitioner is a resident of the city and State of New York, and is of the age of forty-nine years.

" That he is the son of Cornelius Vanderbilt, late of the city and county of New York, deceased, who left him surviving two sons and eight daughters.

" That the other son of said deceased is William H. Vanderbilt.

" Your petitioner further shows that on the 12th day of May, in the year of our Lord one thousand eight hundred and seventy-nine, the said William H. Vanderbilt executed, acknowledged and delivered to Edwin D. Worcester, a deed of which the paper hereto annexed, marked 'A,' is a copy.

" Your petitioner further shows that on the 2d day of December, in the year aforesaid, he caused to be served on said William H. Vanderbilt and Edwin D. Worcester an application, a copy of which is hereto annexed, marked ' B,' and that all the statements contained in such application are true, and your petitioner makes such deed and application parts of this his petition, and prays that the same may be taken and referred to by this court as such.

" Your petitioner further shows that on the 6th of the same month of December, the said William H. Vanderbilt wrote to your petitioner, in answer to such application, and without having seen or conferred with your petitioner or with the said Edwin D. Worcester on such subject, as your petitioner is informed and believe, as follows :

" New York Central and Hudson River Railroad Co., } " Grand Central Depot. }

" W. H. Vanderbilt,
    " President.

    " New York, December 6, 1879.
" C. J. Vanderbilt, Esq. :

" Dear Sir — Your communication requesting a portion of the securities held in trust for you, to be released from the trust, has been received, and I have given it my careful consideration.

" My conclusion is that it would not be a sound exercise of judgment to grant your request, however pleasing it might be to gratify your desire.

                    " Very truly yours,
        - " (Signed)        W. H. VANDERBILT.

"That such letter down to and including the words 'New York,' is printed, and that it is the only communication the said William H. Vanderbilt has had with your petitioner on the subject matter of his said application.

"Your petitioner further shows that while he believes and alleges the reasons given in such application are sufficient for the exercise of the power in trust, in and by said deed conferred upon said William H. Vanderbilt and Edwin D. Worcester, acting in conjunction with your petitioner, yet he avers that there are other good and sufficient reasons therefor, among them, that a large portion of the securities held by said Edwin D. Worcester, under and by virtue of such trust deed, are now, as deponent believes, at their highest market value, and are liable to fall off in such market value, and that the same can now be sold and securely invested, thereby considerably increasing the income of your petitioner, but that the relation of said William H. Vanderbilt to such securities is such as, in his mind, to exaggerate their value.

"Your petitioner further shows and alleges that the said William H. Vanderbilt assumes and believes that the execution of such deed by him to the said Edwin D. Worcester, and the delivery of the property mentioned therein was without consideration, other than the nominal consideration mentioned therein, and that such property was a naked and voluntary gift by the said William H. Vanderbilt, and that he answered the aforesaid application of your petitioner upon such assumption and under such belief.

"Your petitioner further shows that your petitioner claims and alleges the fact to be, that such deed was executed for a good and valuable consideration, moving from your petitioner, and greater in amount than the value of the property conveyed in and by such deed to said Edwin D. Worcester. That at the time your petitioner assented to said deed, as to its form and trustees, he did not know that the said William H. Vanderbilt assumed and believed that the conveyance of such property was simply a gift from him and did not know that the negotiations, which resulted in the termination of all litigations pertaining to the suits between your petitioner and said William H. Vanderbilt, had been withheld from him.

"Your petitioner, therefore, claims and alleges, that for the reasons aforesaid, said William H. Vanderbilt is not a suitable

trustee to decide the question whether such power in trust should be executed so as to give your petitioner a portion of said property, and he, therefore, prays that this honorable court, pursuant to the statute in such case made and provided, or under its inherent powers, will appoint an indifferent person in the place of said William H. Vanderbilt, and to have in his stead the power to terminate the limitations to the absolute ownership of the property by your petitioner, so conveyed in trust to the said Edwin D. Worcester, or that it be adjudged that your petitioner is the absolute owner of such property, or for such other or different relief as this honorable court may deem proper.

      " (Signed)        C. J. VANDERBILT,

                              " *Petitioner.*"

Exhibit "A" was a copy of the trust deed. In exhibit "B" the petitioner stated the following, among other grounds for terminating, the trust as to $200,000.

He further represents " that the activities of business are essential to his health and comfort, as is shown by the fact, that since he had property of his own to manage he has improved in health, and by exertion and prudence in his estate, but having paid out of the moneys received by him the largest proportion on old debts, he has not under his control a sufficient sum to carry out proper, safe and legitimate purposes ; and he alleges that a careful examination of his business transactions since the period above referred to will show that the payment to him of two hundred thousand dollars of the property invested under said deed will be safely and legitimately used and to the benefit of his estate, and he, therefore, requests that such amount be paid over to him pursuant to the terms of such deed."

*Scott Lord*, for the appellant, Cornelius J. Vanderbilt.

*Henry H. Anderson*, for the respondent, William H. Vanderbilt.

Davis, P. J. :

On the 12th day of May, 1879, William H. Vanderbilt made and executed an instrument, whereby he transferred to one Edwin D. Worcester certain stocks and bonds therein described,

of the value of about $400,000 in trust, to receive the interest and dividends thereon, and pay the same over to Cornelius J. Vanderbilt during his natural life. The instrument empowered Cornelius J. Vanderbilt to dispose of the trust fund and the unpaid interest and dividends thereon by his last will. It made provision also for an exchange of the securities for others when deemed necessary, and then provided that the trust and power of disposition might be at any time terminated as to all or any part of the trust fund, upon a very plain and clearly expressed condition, to wit: " *the joint consent or agreement in writing* " of the said William H. Vanderbilt, Cornelius J. Vanderbilt and the said trustee ; and in that case that the principal fund or the part of it, as to which the trust should be so terminated, may be paid over to the said Cornelius J. Vanderbilt, and all responsibility of the trustee in respect thereof shall cease. The consideration expressed in the instrument is natural love and affection, and the nominal sum of one dollar.

The manifest object and intention of the trust instrument were to secure a large and generous income to the beneficiary of the trust during his life, free from all claims of present or future creditors, and to give to him power, by his last will, to dispose of the entire fund at his decease. It is of no importance to inquire what reasons led the donor of the trust to create it in this form and with the limitations and conditions expressed. The reasons were sufficient to himself ; and the trust being in all respects legal, the same principle of law that has so often led courts to say of testamentary dispositions " *the will stands for the reason* " is applicable here. It is enough that the donor of the trust thought it the best disposition of his bounty that a sure and permanent income should be secured to the beneficiary during his whole life, which could not be disturbed or prevented by others, or changed or diverted by the parties themselves, except upon the conditions and in the forms he saw fit to prescribe and impose. When a court, either of law or of equity, has ascertained that the trust is lawful, and that the conditions and forms intended to protect and preserve it are not violations of any principle or rule of law or equity, it has nothing further to do except to see that it is executed according to the true

intent of the donor by the trustee he has appointed, or in case of his death or inability, or failure to do his duty from any other cause, by such trustee as the court may appoint.

In this case the appellant, for whose benefit the trust is created, before the expiration of a single year applied to the donor of the trust for his consent in writing that the trust should be forthwith terminated as to $200,000 of the fund, and that sum paid over to him absolutely to be subjected to the hazards of his business enterprises. The application was declined "after careful consideration," as the donor says in his letter, on the ground that "it would not be a sound exercise of judgment to grant the request, however pleasing it might be to gratify the appellant's desire."

Thereupon a petition was presented at Special Term, in substance, asking the court to change a condition of the trust by substituting some other person with power to give consent to the termination of the trust in place of the donor. The court denied the application and from the order of denial this appeal is taken.

There are two reasons why the decision of the court below cannot be disturbed.

First. The court had no power to grant the application. The condition which restricts the termination of the trust is not "a power in trust" under our statutes nor at common law. It is nothing more nor less than what it declares itself to be, a simple condition upon which alone the trust can wholly or partially be made to terminate while the beneficiary is living. The only "power" connected with it is that of terminating an existing trust, in respect of which, the donor, the beneficiary and the trustee occupy the same independent relation. Each is to act upon the volition of his own judgment, and neither can be compelled by any process known to the law to mould his judgment to the wish or impulse of either or both of the others. There would be just as much reason for the donor to ask the court to remove the name of the beneficiary from the condition and insert another, because the latter is willing to consent to terminate the trust, as for the application now made because the donor is unwilling ; but it is manifest that such action on the part of the court

would be making a new contract between the parties and depriving them of the free and voluntary judgment which the present instrument secures to each.

In *Barber* v. *Cary* (11 N. Y., 397), the court says : "The rule of law is well settled that when the consent of a third person is required to the execution of a power that, like every other condition, must be strictly complied with. If the person whose consent is necessary die before the execution of the power, and without having assented, the power is gone, although his death was the act of God. So, where the consent of several persons is required, the death of one of them destroys the power ; for the consent of the survivor will not satisfy the words of the power.

"There is no provision of the Revised Statutes that changes this well established rule of the common law.　*　*　*

"There has been no design to obliterate the well defined line which separates the province of a grantee of a power from that of him who may only consent to its execution. (pp. 402, 403.) (1 R. S. [Edmonds], 686, 687, §§ 112, 113, 122.) "

This case is sufficiently analogous in principle to be decisive of the question of law in the case before us. For the power given is to effect the termination of a trust lawfully created by the instrument : it is to be exercised upon an express condition, to wit : the consent in writing of the persons named. No court can substitute another person to give such consent on the pretext that a person named withholds consent for insufficient reasons.

Second. The order of the court below was right, because if it had the power of removal and substitution, no case was made for its exercise. The action of William H. Vanderbilt, in declining to consent, was such as commends itself to our approval. No sufficient reason for granting was presented to him or to the court. On the contrary, the reasons presented were the best evidence of the propriety of the refusal. They were in part, at least, the same that led to the creation of the trust, to wit : the strong desire on the part of the beneficiary to expose his means of certain support to the uncertain exigencies of business and probably of speculative enterprises. To protect him against his own possible rashness or folly was the judicious purpose of the trust, and to compel

its donor almost immediately after its creation to break it up and substitute for it the exposures and vicissitudes of business would be something that no court having power coupled with common sense, would consent to do. It seems almost incredible that counsel could be found capable of advising such an application. Having neither law nor facts to justify it, the application deserves nothing but severe rebuke.

The order is affirmed, with costs and disbursements against the appellant.

BRADY and BARRETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.